### *GRACIE* vs. *GAYOSO.*

' The failure of a defendant in a petitory action to demand the value of his improvements, does not prevent him suing for them after eviction.

If the judge shall admit illegal evidence to go to the jury but afterwerds charges them not to consider it in making up a verdict, the cause will not be remanded.

APPEAL from the court of the third district, the judge of the second presiding.

PORTER, J. delivered the opinion of the court. This suit has grown out of a decree of this court, in the case of *Gayoso* vs. *Gracie* by which the present plaintiff was condemned to deliver up to the defendants a tract of land, which the latter had inherited from their ancestors. *Vol.* 1, *n. s.* 320.

The petition avers that the money paid for the land by the person under whom the plaintiff claimed title, was applied to the discharge of a debt due by the father of the

defendants, and that the sale by his executor,
which this court annulled because it was not
executed in the form prescribed by law, was
made expressly to discharge that debt. It al-
so avers that the plaintiff made extensive im-
provements on the property in good faith, for
which he has a right to be reimbursed; and
that there was a valuable crop growing on it at
the time of eviction, for which the plaintiff is
entitled to be paid.

The answer denies that the defendants are
responsible to the person who bought from
their father's executor, and avers that if they
were, the present plaintiff is not subrogated in
his right. It sets up the plea of *res judicata*—
asserts that the plaintiff was a possessor in bad
faith, and has no right to claim the value of the
improvements made by him, and denies there
was any crop growing on the premises at the
time of eviction.

The first question for our consideration is
that presented by the plea of *res judicata*, for
if found correct, it precludes an examination of
other points arising in the cause.

A reference however to the record, in the
case of *Gayoso* vs. *Gracie* has satisfied us that

Eastern Dist.
*April* 1829.

GRACIE
*vs.*
GAYOSO.

this defence cannot be sustained. The question as to the right of the defendant to claim the purchase money is excluded in express terms by the opinion and judgment there rendered. The court in this opinion says: "We cannot in this suit examine the rights of the parties growing out of *that contract*"—that is, the contract by which the defendant acquired the land from the vendee of the executor. No claim was made for the value of the improvements in that suit. Consequently they were not passed on. We have already decided in the case of *Richardson* vs. *Packwood*, that the failure of a defendant to demand them, did not prevent him claiming them in another action. 1, *n. s.* 324 & 299.

The judge charged the jury that the plaintiff was not entitled to claim from the defendants the money paid by the person under whom they held. To this opinion the plaintiff excepted; but as they have not joined in the appeal, nor prayed that the judgment may be amended, it is unnecessary to examine whether the judge was correct or not. We notice it for the purpose of shewing that this direction to the jury dispenses with the necessity of our decid-

ing the question raised by the defendants as to the admissibility of the document D, in relation to the judgment obtained against the executor. The evidence applied solely to the point excluded from the consideration of the jury, and though we are inclined to think the judge did not err, a positive opinion is not required from us, for the decision of the cause, as it stands before the court.

The principal question in the case, and that which has been most argued before us, is the right of the plaintiffs to be paid for improvements made after the commencement of the suit. We have already expressed fully our opinion of the law on the subject in the case of *Richardson* vs. *Packwood*, 1 *n. s.* 299, and that of the heirs of *Vanpradell* vs. *Donelson & others*, lately decided in this court. Our opinion was, that under the provisions of the old code, the good faith of the party in possession did not necessarily cease with the commencement of the suit. The decision of the court is not free from difficulty, but the argument has not produced a conviction on our minds that our former impressions were incorrect.

Eastern Dist
*April*, 1829.

GRACIE
*vs.*
GAYOSO.

But in the instance before us, the appellants contend the plaintiff was in bad faith after the commencement of the suit, because he has acknowledged in his petition he was in good faith previous thereto. We agree with the jury and court below, that these expressions did not necessarily contain an acknowledgment of his bad faith subsequent to the institution of the suit. From all the circumstances of the case, we believe he considered himself the *bona fide* owner of the property at the commencement of the suit; that he was confirmed in this persuasion after he obtained a decision of the inferior court in his favour, and that he continued in this belief up to the time judgment was rendered against him in this tribunal.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Workman* for defendants.